IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON KINNICK,

        Plaintiff,

                                                                           No. CIV 06-477 RB/CEG

v.

VILLAGE OF RUIDOSO DOWNS, et. al,

        Defendants.

ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 22, 2007. *See Doc. 31*. Plaintiff, Jason Kinnick ("Kinnick"), filed his Objection to the Proposed Findings and Recommended Disposition on August 1, 2007. *See Doc. 35*. The Court has carefully reviewed Kinnick's Objection de novo, and finds it to be without merit.

      Kinnick made numerous objections to the Magistrate Judge's factual findings. In considering these objections, the Court reviewed the record from the evidentiary hearings, as well as the exhibits from the evidentiary hearings. Simply put, Kinnick's version of the occurrences set forth in his Objection is not supported by the evidence. Accordingly, I concur with the factual findings in the Proposed Findings and Recommended Disposition.

      As for Kinnick's legal objections, many are not relevant to the issue at hand: whether Kinnick cloaked his attorney with either express or apparent authority to settle his case.[1] *See Doc. 35*

---

[1] To that extent, the Court notes that it will not consider any of Kinnick's legal issues that are raised for the first time in his objections. In this circuit, "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also e.g., United States v. Garfinkle,* 261 F.3d 1030, 1031 (10th Cir. 2001); *Tracy v. Addison*, 16 Fed. Appx. 928, n.4 (10th Cir. 2001)*, cert. denied*, 535 U.S. 1022 (2002).

at 5. As far as the Court can ascertain from his Objection, Kinnick makes no legal argument regarding the Magistrate Judge's analysis on apparent authority. With respect to express authority, Kinnick cites to *Augustus v. John Williams & Assocs., Inc.*, 589 P.2d 1028, 1030 (N.M. 1979) for the proposition that express authority must be "clear and unequivocal." *Id*. The Magistrate Judge also cited to this case, quoting the same language. *See Doc. 30* at 6. After reviewing the applicable law, the record from the evidentiary hearings, and the documentary evidence, it is apparent that Kinnick gave his attorney "clear and unequivocal" express authority to settle his case. Kinnick did not satisfy his requisite burden of persuasion.

Wherefore,

IT IS HEREBY ORDERED THAT:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition are adopted by the Court (*Doc. 31*);

2) the Motion to Enforce Settlement is granted (*Doc. 14*);

3) Jason Kinnick is to execute the Settlement Agreement, Release and Covenant Not to Sue (*Doc. 30*);

4) within ten (10) business days from delivery of the first installment of settlement proceeds, the parties are to submit closing documents with the Court, as contemplated by the Settlement Agreement, Release and Covenant Not to Sue (*Doc. 30*).

_____
UNITED STATES DISTRICT JUDGE